1  JEFFREY L. HOGUE (SBN 234557)
2  jhogue@hoguebelonglaw.com
   TYLER J. BELONG (SBN 234543)
3  tbelong@hoguebelonglaw.com
4  **HOGUE & BELONG**
   170 Laurel Street
5  San Diego, CA 92101
   Tel:   (619) 238-4720
6  Fax:   (619) 238-5260
7
8  Attorneys for Plaintiffs
9
                    **UNITED STATES DISTRICT COURT**
10
              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
11
                        **RIVERSIDE DIVISION**
12
13

| | |
|---|---|
| 14  CATHY SYPHERD, individually, | ) CASE NO.: 5:20-CV-00921 |
| 15  PATRICIA BRUMMETT, individually, | ) |
|     and KIMBERLY WATT, individually, | ) |
| 16  and on behalf of all others similarly | ) CLASS AND COLLECTIVE ACTION |
| 17  situated, | ) COMPLAINT |
|     | ) |
| 18      Plaintiffs, | ) JURY TRIAL DEMAND |
| 19  | ) |
|     vs. | ) |
| 20  | ) |
|     | ) |
| 21  LAZY DOG RESTAURANTS, LLC, a | ) |
| 22  California Corporation; and DOES 1-50, | ) |
|     | ) |
| 23      Defendants. | ) |
| 24  _____ | ) |

25
26
27
28

-1-
COMPLAINT FOR DAMAGES

Cathy Sypherd, Patricia Brummett, and Kimberly Watt (collectively, the "Plaintiffs"), individually and on behalf of all others similarly situated, alleges the following:

## NATURE OF THE ACTION

1.      This class action is brought by the Plaintiffs under the Fair Employment and Housing Act and ("FEHA") and Age Discrimination in Employment Act ("ADEA") against Defendant Lazy Dog Restaurants, LLC ("Lazy Dog"), to correct unlawful employment practices on the basis of age and to provide appropriate relief to a class of unidentified individuals who were denied employment by Defendants because of their age.  As alleged with greater particularity below, statistical, documentary and anecdotal evidence will establish that, nationwide and in California, Defendants failed to hire employees within the protected age group in violation of FEHA and the ADEA.  As a result of this discriminatory treatment, these unidentified employees have suffered lost wages and general damages.

2.      Plaintiffs petition this Court to allow them to represent and prosecute claims against Lazy Dog in class action and collective proceedings pursuant to 29 U.S.C. section 216 on behalf of all those similarly situated who reside in the United States and the State of California. (29 U.S.C. § 626(b); 29 U.S.C. § 206(d)(1).)

1

**THE PARTIES**

2

3

3.     At all material times, the plaintiffs Kimberly Watt, Cathy Sypherd,

4

and Patricia Brummett (collectively, the "Plaintiffs"), were residents of the

5

County of Riverside in the State of California.  At all material times, the Plaintiffs

6

7

were prospective employees of defendant Lazy Dog who sought employment

8

opportunities with the corporation.

9

10

4.     At all material times, defendant Lazy Dog ("Defendant" or "Lazy

11

Dog") conducted business within the County of Riverside, State of California.

12

Lazy Dog is a casual diner founded in 2003, and operates in eight States.  It

13

14

currently operates, or has plans to operate, 44 stores, employing more than 15

15

employees in each store.  Lazy Dog plans significant expansion in the coming

16

years.

17

18

5.     Plaintiffs are informed and believe, and thereon allege, that

19

Defendant are each responsible in some manner for one or more of the events and

20

21

happenings that proximately caused the injuries and damages hereinafter alleged.

22

6.     At all times herein mentioned, Lazy Dog, its officers, and

23

24

management (collectively, the "Defendants") approved, condoned and/or

25

otherwise ratified each and every one of the acts or omissions complained of

26

herein.  At all times herein mentioned, the Defendants, and each of them, aided

27

28

and abetted the acts and omissions of each and every one of the other Defendants,

thereby proximately causing the damages as herein alleged.

COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURISDICTION AND**
**VENUE**

7.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. sections 1331 (federal question), 1337 (federal jurisdiction), 1343 (civil rights), and 1367 (supplemental).  This action is also authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. section 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(b) and 217.

8.     Lazy Dog's headquarters and principal place of business are located in the city of Costa Mesa, California.  Costa Mesa is the location where Lazy Dog directs, controls, and coordinates its business operations.

9.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Central District of California, pursuant to 28 U.S.C. section 1391(b).

10.     At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. sections 630(b), (g) and (h).

///

///

///

# **FACTUAL SUMMARY**

## Defendant Lazy Dog's Discriminatory Practices against Older Workers

11.     Defendants have engaged in unlawful employment practices at their facilities nationwide in violation of Section 4 of the ADEA, 29 U.S.C. section 623(a).  These unlawful practices include, but are not limited to, the following.

12.     Defendants have unlawfully subjected a class of aggrieved applicants of front of the house hostesses, servers, and bartenders and other publicly visible nonmanagerial positions ("Covered Positions") to an ongoing pattern or practice of discriminatory failure to hire such persons because of their age, 40 years and older (hereafter "the protected age group").

13.     Defendants have unlawfully maintained hiring policies and practices for giving preference to younger employees that result in the disproportionate employment of younger applicants.

14.     Workforce statistics for 2019, as kept by the U.S. Department of Labor ("DOL"), indicate a median age of all U.S. workers of 42.3 years old.

15.     Workforce statistics for 2019, as kept by the U.S. Department of Labor ("DOL"), indicate the U.S. workforce is comprised of approximately 44% workers aged 45 and over.

COMPLAINT FOR DAMAGES

16.     In the restaurant industry, a disproportionately small number of individuals 40 years of age and older are offered front-of-the-house non-managerial jobs.  At least one prominent scientific research study showed that age protected employees are offered jobs 75.5% lower than their younger counterparts.  Lazy Dog is no exception.

17.     A disproportionately small percentage of Defendant's front of the house employees and other publicly visible positions are in the protected age group – a percentage well below the protected age group's representation in the general population of Lazy Dog's locations, well below the median age of the U.S. workforce, and well below the protected age group's representation in the pool of applicants for positions with Defendant.  These disparities are statistically significant.

18.     Defendants, either directly or implicitly, have instructed their managers to hire job applicants not in the protected age group.   For example, an individual over 40 years of age with significant experience in the restaurant industry applied to Lazy Dog for a server position.  That applicant asked Lazy Dog if there was an age requirement to obtain the position because that applicant noticed that no one 40 years or over was hired for the server position at Lazy Dog, despite Lazy Dog receiving numerous applicants from individuals aged 40 or over.  These age protected individuals were being passed up in favor of

COMPLAINT FOR DAMAGES

younger less experienced individuals, so she asked if there was an age requirement for the position.

19.     The aforementioned individual applicant was interviewed six different times with predominantly different managers.  On the sixth interview, the age-protected individual asked Lazy Dog again if there were age requirements and made the comment that Lazy Dog was not hiring applicants because they were older.   Lazy Dog did not respond.  That age-protected individual was not hired by Lazy Dog in favor of younger less qualified applicants that were hired.

20.     As a result of these biases against older workers, older servers and older workers in restaurant facing positions who are equally or more qualified have been systematically excluded from employment opportunities that are afforded to other individuals who work for Lazy Dog.

21.     In addition, Defendant has a continuing pattern, and/or practice of subjecting all restaurant facing applicants 40 years of age or older to disparate treatment.  Namely, Defendant intentionally disfavors hiring people 40 years of age or older for restaurant facing positions.  Upon information and belief, when applicants 40 years of age or older apply for a restaurant facing position, regardless of experience or ability, Defendant intentionally screens them out and denies them employment opportunities because of their age.

22.    Based on information and belief, Lazy Dog does not have a diversity policy (or any similar policy) in place that would assure it protects and treats its prospective age protected workforce fairly.  Instead, Lazy Dog has an unwritten rule to deny individuals aged 40 years or older seeking employment opportunities with it.

Patricia Brummett.

23.    Plaintiff, Patricia Brummett, is 55 years old (DOB 8/7/64), who is a resident of Riverside County.

24.    Plaintiff, Patricia Brummett, worked as a waitress/server for over 35 years, and for numerous restaurants, including national and regional brands, such as Cocos, Claim Jumper and Miguel's.  Ms. Brummett has received praise for her work from managers and has received many commendations from her employers in the restaurant service industry.

25.    Ms. Brummett worked for the Claim Jumper in Corona, California from approximately April 2013 to December 2018.  During her employment at Claim Jumper, Ms. Brummett consistently received the highest grade on proficiency and customer satisfaction, and consistent praise by her managers.

26.    Ms. Brummett was so proficient in her skills that she was asked to train Claim Jumper's new servers.

27.    On September 21, 2019, Ms. Brummett applied to Lazy Dog on its website (www.lazydogrestaurants.com).  On Friday, September 27, 2019, Lazy

COMPLAINT FOR DAMAGES

Dog sent a text message to Ms. Brummet and the parties set up an interview the following day, September 28, 2019.

28.     Ms. Brummett, and about 4 – 5 other interviewees, all interviewed at once.  The group interview lasted approximately 20 minutes.  During the group interview, Ms. Brummett was never asked about her prior experience nor her relevant accomplishments.

29.     On October 22, 2019, Lazy Dog informed Ms. Brummett that it would not be hiring her.  Younger servers who Ms. Brummett helped train at other restaurants, including Claim Juniper and with far less experience were hired by Lazy Dog instead.

30.     Ms. Brummett is personally aware of approximately 11 other servers 40 years of age or over that applied at Lazy Dog that were not hired.

31.     On December 4, 2019, Ms. Brummett received her right-to-sue from the Department of Fair Employment and Housing ("DFEH") in response to her DFEH complaint alleging age discrimination and seeking individual and class wide relief.  On March 23, 2020, Ms. Brummett filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") that raised individual and class-wide relief claims arising out of age discrimination, and on April 28, 2020 she obtained her right-to-sue from the EEOC.  She has exhausted her administrative remedies.

COMPLAINT FOR DAMAGES

<u>Kimberly Watt</u>

32.     Plaintiff, Kimberly Watt, is 53 years old (DOB 7/6/66).  Ms. Watt worked as a server in well-known restaurants for over 25 years.

33.     Ms. Watt was consistently a top performer wherever she served and was consistently praised by her supervisors.  She also trained new hires at restaurants where she worked.

34.     Ms. Watt has been the recipient of the Employee of the Month on several occasions and was a two time recipient of the Employee of the Year award.

35.     In or around September 2019, Ms. Watt applied to the Lazy Dog restaurant via its website ([www.lazydogrestaurants.com](www.lazydogrestaurants.com)).  On October 4, 2019, Ms. Watt was called in for an interview with Lazy Dog on October 8, 2019 via text.

36.     During Ms. Watt's October 8, 2019 interview, the Lazy Dog interviewer was inattentive and disinterested in Ms. Watt's responses.  Ms. Watt was never asked about her previous experience and relevant accomplishments. The interview lasted under 10 minutes.

37.     On October 10, 2019, Ms. Watt received a message from Lazy Dog that it was not offering her a chance at employment.  Instead, Lazy Dog hired younger servers that Ms. Watt had previously trained.

COMPLAINT FOR DAMAGES

38.     Ms. Watt is aware of approximately 11 other applicants 40 years of age or younger that were hired by Lazy Dog.

39.     On March 31, 2020, Ms. Watt received her right-to-sue from the DFEH in response to her DFEH complaint alleging age discrimination and seeking individual and class wide relief.  On March 18, 2020, Ms. Watt filed a charge with the EEOC for age discrimination that raised claims for individual and class-wide relief and on April 8, 2020 obtained her right-to-sue from the EEOC.  She has exhausted her administrative remedies.

<u>Cathy Sypherd</u>

40.     Plaintiff, Cathy Sypherd is 62 years old (DOB 5/28/57).  Ms. Sypherd has worked as a server at national restaurants for over 40 years.

41.     Ms. Sypherd has been commended wherever she has worked, and consistently rated excellent on customer satisfaction and proficiency.  Ms. Sypherd received consistent praise by her managers, and her performance reviews were always excellent.

42.     Ms. Sypherd won two bartending awards for the creation of two mixed drinks that were placed on the Claim Jumper menu.

43.     In or around 1996, Ms. Sypherd was named Employee of the Year.

44.     On or about September 10, 2019, Ms. Sypherd applied for a server position to Lazy Dog via www.Indeed.com.

COMPLAINT FOR DAMAGES

45.     On September 21, 2019, Ms. Sypherd interviewed with Lazy Dog along with four other applicants – all younger than her.

46.     On October 2, 2019, Ms. Sypherd received written communication that she did not get the server position at Lazy Dog.

47.     On December 4, 2019, Ms. Sypherd received her right-to-sue from the DFEH in response to her DFEH complaint alleging age discrimination and seeking individual and class-wide relief.  On March 23, 2020, Ms. Sypherd filed a charge of discrimination that raised claims for individual and class-wide relief and she received her right-to-sue from the EEOC on April 28, 2020.  She has exhausted her administrative remedies.


**COLLECTIVE AND CLASS ALLEGATIONS**

48.     Plaintiffs and other potential members of the collective and putative class are similarly situated in that they have all sought employment at Lazy Dog but were denied employment of Covered Positions by policies and practices that have the purpose and effect of denying them employment opportunities because of their age.

49.     There are many similarly situated collective members who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Notice should be sent to the collective members pursuant to 29 U.S.C. section 216(b).

50.     As part of its regular business practice, Lazy Dog has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the Age Discrimination in Employment Act ("ADEA") by willfully disproportionately refusing to hire applicants aged 40 or more for the Covered Positions.

51.     Lazy Dog maintained and implemented these policies and practices with the purpose and effect of denying Plaintiffs and other members of the collective class employment opportunities because of their age.  These policies cannot be justified on the basis of reasonable factors other than age.

52.     Lazy Dog is aware or should have been aware that federal and state law requires it to conduct recruitment and hiring for the Covered Positions without regard to an applicant's age.

53.     This class action is properly brought under the provisions of Rule 23 of the Federal Rules of Civil Procedure seeking compensatory damages, liability-phase injunctive and declaratory relief on behalf of a class or all applicants who have been denied employment opportunities by Lazy Dog. More specifically, Plaintiffs bring this class and collective action on behalf of themselves, and others similarly situated, with Plaintiffs proceeding as representative members of the following classes defined as:

All current, former, or prospective employees who applied for employment with Defendant in the United States of America from December 4, 2015 through the present who were at least 40 years old at the time Defendant denied them employment of Covered Positions. ("Nationwide Class").

All current, former, or prospective employees who applied for employment with Defendant in the State of California from December 4, 2015 through the present who were at least 40 years old at the time Defendant denied them employment of Covered Positions. ("California Class").

54.   Plaintiffs and members of the Nationwide Class and Statewide Class were all aged 40 years or more at the time of being denied an employment opportunity at Lazy Dog.

55.   Numerosity.  The members of the classes identified herein are so numerous that joinder of all members is impracticable.  Lazy Dog employed approximately 2,100 employees in the United States and over 1,000 in the State of California during the aforementioned class period.  Although Plaintiffs do not know the precise number of all applicants that were denied employment opportunities at Lazy Dog 40 years of age and older, the number is far greater than can be feasibly addressed through joinder.

56.   Commonality.  There are questions of law and fact common to the Nationwide and California Classes, and these questions predominate over any questions affecting only individual members. Common questions include, among others:

a. Whether Lazy Dog's policies or practices disproportionately exclude prospective applicants ages 40 from being hired into the Covered Positions;

b. Whether Lazy Dog intentionally disfavors applicants aged 40 and older;

c. Whether Lazy Dog's policies and practices violate FEHA;

d. Whether Lazy Dog's conduct was unlawful, unfair or fraudulent in violation of California's Unfair Competition Law;

e. Whether Lazy Dog's policies and practices violate the ADEA;

f. Whether Lazy Dog's challenged policies and practices are necessary to its business operations;

g. Whether Lazy Dog's purported reasons disproportionately denying employment to applicants age 40 or older of the Nationwide Class and Statewide Class were pretextual;

h. Whether age is a bona fide occupational qualification;

i. Whether equitable remedies, injunctive relief, compensatory damages, and punitive damages for the class are warranted;

j. Whether Lazy Dog's discrimination had a disparate impact of members of the California Class; and

COMPLAINT FOR DAMAGES

k.  Whether Lazy Dog's discrimination had a disparate impact on members of the Nationwide Class.

57.  Individual variations among Plaintiffs and members of the Nationwide and California Classes, such as location, education, decision maker, or potential job responsibilities, do not undermine the common issues at stake here.  Plaintiffs allege a single scheme of age discrimination initiated at the very top of the Lazy Dog hierarchy and carried out through the entire corporation.  Regardless of where an individual applied in the United States or to which manager was the ultimate decision maker, each member of the Nationwide and Statewide Classes faced the same discrimination and discriminatory policies and practices.

58.  Counts for violations of the ADEA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. section 216(b), for all claims asserted by Plaintiffs, because their claims are similar to the claims of the members of the Nationwide Class.

59.  Typicality.  Plaintiffs and the members of the Nationwide and the California Classes are similarly situated because, among other things, (a) they all applied to Lazy Dog for employment and are all aged 40 and older, (b) they are all residents of the United States and/or California, (c) they were all subjected to the same company-wide policy of age discrimination, (d) they were all subjected to the same company-wide policies that adversely impacted them because of their

-16-
COMPLAINT FOR DAMAGES

age, and (e) they were all denied employment because of their age.  The relief sought by the Plaintiffs is the same sought by the Nationwide Class and the California Class.

60.  <u>Adequacy</u>:  Plaintiffs, on behalf of themselves and all others similarly situated, will fairly and adequately protect the interests of all members of the Nationwide Class and the California Class in connection with which they have retained competent attorneys.  Plaintiffs are able to fairly and adequately protect the interests of all members of the aforementioned Classes because it is in Plaintiffs' best interests to prosecute the claims alleged herein to obtain full compensation due to them.  Plaintiffs do not have a conflict with either the Nationwide Class or the California Class, and their interests are not antagonistic to either of those Classes.  Plaintiffs have retained counsel who are competent and experienced in representing employees in complex class action litigation

61.  <u>Superiority</u>:  Under the facts and circumstances set forth above, class action proceedings are superior to any other methods available for both fair and efficient adjudication of the controversy.  A class action is particularly superior because the rights of each member of the Nationwide Class or California Class, inasmuch as joinder of individual members of either Class is not practical and, if the same were practical, said members of the Nationwide Class or California Class could not individually afford the litigation, such that individual

litigation would be inappropriately burdensome, not only to said citizens, but also to the Courts of the United States of America as well as the State of California.

62.     Litigation of these claims in one forum is efficient as it involves a single decision or set of decisions that affects the rights of thousands of employees.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgment concerning Lazy Dog's practices.

63.     To process individual cases would increase both the expenses and the delay not only to members of the Nationwide Class and California Class, but also to Lazy Dog and the Court.  In contrast, a class action of this matter will avoid case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of each member of the Nationwide Class and the California Class, all by way of the comprehensive and efficient supervision of the litigation by a single court.

64.     Manageability.  This case is eminently manageable as a class. Defendant's computerized records, including meticulous applicant data, provide an accurate and efficient means to obtain information on the effect of the systematic practice of denying individuals the right for employment opportunities at Lazy Dog.   This case would include class-wide damages, and class treatment would significantly reduce the discovery costs to all parties.

65.     There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which Lazy Dog's actions have inflicted upon Plaintiffs and the Nationwide and California Classes.

66.     Notice of the pendency and any result or resolution of the litigation can be provided to members of the Nationwide Class and California Class by the usual forms of publication, sending out to members a notice at their current addresses, establishing a website where members can choose to opt-out, or such other methods of notice as deemed appropriate by the Court.

67.     Without class certification, the prosecution of separate actions by individual members of the Plaintiff Classes would create a risk of: (1) inconsistent or varying adjudications with respect to individual members of the Nationwide Class and California Class that would establish incompatible standards of conduct for Lazy Dog; or (2) adjudications with respect to the individual members of the Nationwide Class and California Class that would, as a practical matter, be disparities of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

///

///

## COUNT 1 – AGE DISCRIMINATION UNDER THE ADEA

### Intentional Discrimination (29 U.S.C. Section 623(a)(1)

**(On Behalf of all Plaintiffs and the Nationwide Class)**

68.   Plaintiffs incorporate by reference the preceding paragraphs as alleged above.

69.   This claim is brought by Plaintiffs on behalf of themselves and Nationwide Class.  Lazy Dog engaged and engages in an intentional, companywide, and systematic policy, pattern, and/or practice of discrimination against applicants and prospective applicants ages 40 and older.  Lazy Dog has intentionally discriminated against Plaintiffs and the Nationwide Class in violation of the ADEA by, among other things, systematically and intentionally discriminating against applicants ages 40 and older throughout the hiring process.

70.   This is also a representative action under 29 U.S.C. sections 626(b) and (c) and 29 U.S.C. § 216(b) filed by the above-named Plaintiffs individually and on behalf of similarly situated persons who opt into this action by filing an appropriate notice, and an individual action under the ADEA.

71.   These companywide policies are intended to and do have the effect of denying Plaintiffs and the Nationwide Class because of their ages.  The discriminatory acts that constitute Lazy Dog's pattern and/or practice of discrimination have occurred both within and outside the liability period in this case.

72.   Age is not a bona fide occupational qualification for the Covered Positions.

73.   As a direct result of Lazy Dog's discriminatory policies and/or practices as described above, Plaintiff and the collective members have suffered

-20-
COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

damages including, but not limited to, lost past and future income, compensation, and benefits.

74.    The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by 29 U.S.C. section 623(a)(1).

75.    Plaintiffs all received their Right-to-Sue Notices from the EEOC and have thus all exhausted their administrative remedies.

76.    Plaintiffs request an award of attorneys' fees and costs and for the relief as hereinafter described.

**COUNT 2 – AGE DISCRIMINATION UNDER THE ADEA**

**Disparate Impact Discrimination (29 U.S.C. Section 623(a)(2))**

**(On Behalf of all Plaintiffs and the Nationwide Class)**

77.    Plaintiffs hereby incorporate by reference each paragraph above as though fully set forth here.

78.    This is a representative action under 29 U.S.C. sections 626(b) and (c) and 29 U.S.C. section 216(b) filed by the above-named Plaintiffs individually and on behalf of similarly situated persons.

79.    As more fully set forth elsewhere in this Complaint, Defendant engaged in an unlawful pattern or practice of age discrimination that adversely affected Plaintiffs and the members of the Nationwide Class in violation of 29 U.S.C. section 621, *et seq*.

80.    Plaintiffs and the members of the Nationwide Class were 40 years of age or older at the time of they were denied employment for Defendant.

81.   Defendant denied Plaintiffs and the members of the Nationwide Class employment because of their age and would have hired Plaintiffs or the members of the Nationwide Class but for their age.  The unlawful employment practices complained of herein were willful within the meaning of section 7(b) of the ADEA, 29 U.S.C. section 626(b).

82.   Plaintiffs' charges of discrimination filed with the EEOC asserted claims on behalf of both the Plaintiffs themselves and others similarly situated, adequately placed Defendant on notice that a collective action was forthcoming. Further, Plaintiffs have all received their Right-to-Sue Notices from the EEOC and have thus exhausted their administrative remedies.

83.   Plaintiffs and others similarly situated were adversely affected by the pattern or practice of unlawful, willful age discrimination by Defendant as elsewhere described herein.  Plaintiffs and all similarly situated individuals have suffered actual damages in an amount to be determined at trial.

84.   As referenced above, this is also a representative action under 29 U.S.C. sections 626(b) and (c) and 29 U.S.C. § 216(b) filed by the above-named Plaintiffs individually and on behalf of similarly situated persons who opt into this action by filing an appropriate notice, and an individual action under the ADEA.

85.   Lazy Dog's hiring practices had a significantly adverse or disproportionate impact on Plaintiffs and the members of the Nationwide Class and denied Plaintiffs and the members of the Nationwide Class gainful employment. Defendant's policies and practices have had a disparate impact on Plaintiffs and the members of the Nationwide Class and were not based upon a reasonable factor other than age.

86.   As set forth more fully above, Defendants has utilized practices, policies and procedures that have disparately impacted prospective employees of Defendant, resulting in an unlawful pattern or practice of age discrimination in violation of the ADEA, 29 U.S.C. section 621 *et seq*.  There was no legitimate, non-discriminatory reason for its action, and any reasons Defendant may advance are pretextual.

87.   The above-named Plaintiffs and others similarly situated were disparately impacted by Defendants' practices, policies and procedures, in violation of the ADEA.

88.   As a direct and proximate result of the aforesaid age discrimination by Defendant, each of the Plaintiffs and all others similarly situated have suffered damages in an amount to be determined at trial.

89.   The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by 29 U.S.C. section 623(a)(2).

90.   Plaintiffs request an award of attorney's fees and costs and for the relief as hereinafter described.

**COUNT 3 – AGE DISCRIMINATION UNDER THE FEHA**

**Disparate Treatment Discrimination – Cal. Govt. Code § 12900 et seq.**

**(Plaintiffs, on Behalf of Themselves, and the California Class)**

91.   Plaintiffs, on behalf of themselves, and the California Class, re-alleges and incorporates by reference, as though fully set forth herein, all of the preceding paragraphs.

92.   Under the Fair Employment & Housing Act ("FEHA"), it is unlawful for an employer to use its employee's age as a basis to terminate or lay off, refuse to hire, re-hire, or re-instate, or discriminate in compensation or in terms, conditions, or privileges of employment. (Cal. Govt. Code § 12940(a).)

93.   The FEHA protects employees aged 40 and over. (Cal. Govt. Code §§ 12926(b), 12941(a).)  Plaintiffs were each over the age of 40 when Defendant refused to hire them.  Thus, because Plaintiffs were employees over the age of 40 at the time of being denied the right to be hired without age factoring in, they are in a class of persons protected by the FEHA.  Likewise, all members of the California Class were aged 40 or over at the time of their denial of the right to be hired with no discriminatory motives are thus protected by the FEHA.

94.   The FEHA covers "employers" who are "regularly employing five or more persons." (Cal. Govt. Code § 12926(d).)  Defendant employs more than five persons and is therefore an employer under the FEHA.

95.   As referenced above, Plaintiffs, and each of them, filed timely charges with the DFEH against Defendant, and their immediate right to sue notices. Plaintiffs served the charge and Right-to-Lue letter upon Defendant.

96.   Defendant refusing to hire the Plaintiffs and members of the California Class because of their age constitutes willful, knowing, intentional, and unlawful discrimination in violation of the FEHA.

97.   Defendant denying Plaintiffs and members of the California Class the benefit of employment with Defendant because of their age constitutes willful, knowing, intentional, and unlawful discrimination in violation of the FEHA.

98.    Plaintiffs are informed and believes, and based thereon allege, that their and members of the California Class' years of age was the substantial motivating factor in Defendant's decision to deny the Plaintiffs and the members of the California Class employment.

99.    In addition to the conduct described above, Defendants failed to prevent, respond to, adequately investigate, and/or appropriately resolve instances of discriminatory practices on the basis of age in the workplace.

100.  As a direct and proximate result of Lazy Dog's willful, knowing, and intentional discrimination against Plaintiffs and members of the California Class, Plaintiffs and members of the California Class have suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiffs and the members of the California Class are therefore entitled to general and compensatory damages in an amount to be proven at trial.

101.  As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against Plaintiffs and the members of the California Class, Plaintiffs and the members of the California Class have incurred and will continue to incur a loss of earnings and other employment benefits and job opportunities. Plaintiffs and the members of the California Class are therefore entitled to general and compensatory damages in amounts to be proven at trial.

102.  Plaintiffs are informed and believe, and based thereon allege, that Defendant's outrageous conduct directed at Plaintiffs and the members of the California Class described above, was done with malice, fraud, or oppression and with conscious and/or reckless disregard for the rights of Plaintiffs and the members of the California Class, and with the intent, design, and purpose of injuring them.

Defendant, through its officers, managing agents, and or their supervisors, authorized, condoned, and or ratified the unlawful actions.  Thus, Plaintiffs and the members of the California Class are entitled to exemplary or punitive damages from Defendants in amounts to be determined according to proof at trial.

103.  As a further direct and proximate result of Defendant's actions, Plaintiffs and the members of the California Class are entitled to and seek their attorney fees and costs. (See Cal. Govt. Code § 12965(b).)

104.  Plaintiffs the members of the California Class also seek the "affirmative relief" or "prospective relief" afforded them under California Government Code section 12926(a).

**COUNT 4 – AGE DISCRIMINATION UNDER THE FEHA**

**Disparate Impact Discrimination – Cal. Govt. Code §§ 12940(a), 12941**

**(Plaintiffs, on Behalf of Themselves and the California Class Against Defendant)**

105.  Plaintiffs, on behalf of themselves and the California Class, re-allege and incorporates by reference, as though fully set forth herein, all of the preceding paragraphs.

106.  The FEHA protects employees 40 years of age and over. (Cal. Govt. Code §§ 12926(b), 12941(a).)  Plaintiffs were applicants and prospective employees 40 years or older of Defendant.  Specifically, when Lazy Dog refused to hire them Plaintiffs were 53, 55, and 62 years old.  Thus, because Plaintiff were employees 40 years of age or over at the time of not being hired by Defendant, they are in a class

of persons protected by the FEHA.  Likewise, all members of the California Class were aged 40 or over at the time of Defendant's refusal to hire them and are thus protected by the FEHA.

107. When Plaintiffs and the members of the California Class applied for server positions within Defendant and Defendant refused to select them for those positions within Defendant's restaurant locations, Plaintiffs and the members of the California Class were aged 40 or over and were therefore in a class of persons the FEHA protects.

108. The FEHA covers "employers" who are "regularly employing five or more persons." (Cal. Govt. Code § 12926(d).)  Defendant employs more than five persons and is therefore an employer under the FEHA.

109. Defendant disproportionately selected for employment employees younger than the age of 40 years.  Defendant's hiring practices adversely affected Plaintiffs and the members of the California Class through not hiring them so that they would not be gainfully employed.

110. Defendant's refusal to hire anyone 40 years of age or older was a substantial factor in directly and proximately causing harm to the Plaintiffs and the members of the California Class.

111. In addition to the conduct described above, Defendant has failed to prevent, respond to, adequately investigate, and/or appropriately resolve instances of age discrimination in the workplace.

112. As a substantial direct and proximate result of Defendant's above-described unlawful hiring practices, Plaintiffs and members of the California Class have suffered and will continue to suffer pain and suffering, and extreme and severe

mental anguish and emotional distress.  Plaintiffs and the members of the California Class are therefore entitled to general and compensatory damages in an amount to be proven at trial.

113.  As a substantial direct and proximate result of Defendant implementing its unlawful hiring practices, Plaintiffs and the members of the California Class have incurred and will continue to incur a loss of earnings and other employment benefits and job opportunities.  Plaintiffs and the members of the California Class are therefore entitled to general and compensatory damages in amounts to be proven at trial.

114.  Plaintiffs are informed and believe, and based thereon allege, that Defendants' outrageous conduct directed at Plaintiffs and the members of the California Class described above, was done with malice, fraud, or oppression and with conscious and/or reckless disregard for the rights of Plaintiffs and the members of the California Class, and with the intent, design, and purpose of injuring them. Defendant, through its officers, managing agents, and or their supervisors, authorized, condoned, and or ratified the unlawful acts of one another.  Thus, Plaintiffs and the members of the California Class are entitled to exemplary or punitive damages from Defendant in an amount to be determined according to proof at trial.

115.  As a further direct and proximate result of Defendant's actions, Plaintiffs and the members of the California Class are entitled to and seek their attorneys' fees and costs. (Cal. Govt. Code § 12965(b).)

116. Plaintiffs and the members of the California Class also seek the "affirmative relief" or "prospective relief" afforded them under California Government Code section 12926(a).

**COUNT 5 – FAILURE TO PREVENT DISCRIMINATION UNDER FEHA**

**Cal. Govt. Code section 12900, et seq.**

**(On behalf of Plaintiffs and the California Class only)**

117. Plaintiffs, on behalf of themselves, and on behalf of the California Class, re-allege and incorporates by reference, as though fully set forth herein, all of the preceding paragraphs.

118. The FEHA protects employees over the age of 40. (Cal. Gov't Code §§ 12926(b), 12941(a).)  Plaintiffs were individuals seeking gainful employment with Lazy Dog.  Plaintiffs were all over the age of 40, as referenced above.  Thus, because Plaintiffs were individuals seeking employment opportunities with Lazy Dog, they are in a class of persons protected by the FEHA.  Likewise, all members of the California Class were aged 40 or over at the time of the denial of their employment and thus protected by the FEHA.

119. The FEHA covers "employers" who are "regularly employing five or more persons." (Cal. Govt. Code § 12926(d).)  Lazy Dog employs more than five persons and is therefore an employer under the FEHA.

120. Lazy Dog subjected Plaintiffs and the members of the California Class to discrimination when Lazy Dog denied the Plaintiffs and the members of the California Class the chance for gainful employment.

121. Lazy Dog failed to take all reasonable steps to prevent Plaintiffs and the

members of the California Class's discriminatory selection for denial of employment. Lazy Dog's failure to take reasonable steps to prevent Plaintiffs and the members of the California Class' discriminatory denial of employment under Lazy Dog's discriminatory hiring practices was a substantial factor in causing harm to the Plaintiffs and the members of the California Class.

122.    As a substantial direct and proximate result of Defendants willfully, knowingly, and intentionally discriminating against Plaintiffs and the members of the California Class, they have suffered and will continue to suffer pain and suffering and extreme and severe mental anguish and emotional distress.  Thus, Plaintiffs and the members of the California Class are entitled to general and compensatory damages in an amount to be proven at trial.

123.    As a substantial direct and proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiffs and the members of the California Class, they have incurred and will continue to incur a loss of earnings and other employment benefits and job opportunities.  Plaintiffs and the members of the California Class are therefore entitled to general and compensatory damages in amounts to be proven at trial.

124.    Plaintiffs are informed and believes, and based thereon allege, that Defendant's outrageous conduct directed at Plaintiffs and the members of the California Class described above, was done with malice, fraud, or oppression and with conscious and/or reckless disregard for the rights of Plaintiffs and the members of the California Class, and with the intent, design, and purpose of injuring them. Defendants, through their officers, managing agents, and or their supervisors, authorized, condoned, and or ratified the unlawful conduct of all of the other

defendants.  Thus, Plaintiffs and the members of the California Class are entitled to exemplary or punitive damages from Defendants in amounts to be determined according to proof at trial.

125.    As a further direct and proximate result of Defendants' actions, Plaintiffs and the members of the California Class are entitled to and seek their attorney fees and costs. (See Cal. Govt. Code § 12965(b).)

126.    Plaintiffs and the members of the California Class also seek the "affirmative relief" or "prospective relief" afforded them under California Government Code section 12926(a).

## COUNT 6 – UNFAIR COMPETITION

**CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200,** *et seq.*
**(On behalf of Plaintiffs and the California Class only)**

127.  Plaintiffs hereby incorporate each paragraph above as though fully set forth here.

128.  Each of the Defendants is a "person" as defined under California Business & Professions Code section 17021.

129.  Lazy Dog's discrimination against its employees, as alleged herein, constitutes unlawful and/or unfair and/or fraudulent activity prohibited by the California Business & Professions Code section 17200.  As a result of their unlawful and/or unfair and/or fraudulent acts, Lazy Dog reaped and continue to reap unfair benefits at the expense of Plaintiffs and the California Class members.  Lazy Dog should be enjoined from these activities.

COMPLAINT FOR DAMAGES

130. Accordingly, Plaintiffs and the California Class members are entitled to restitution with interest and other equitable relief.

## **JURY DEMAND**

131. Plaintiffs hereby demand a trial by jury.

## **PRAYER FOR RELIEF**

WHEREAS, Plaintiffs request that the Court make orders and enter judgment in their favor and against Defendants as follows:

1. Certification of the case as a class action and appointment of Plaintiffs as Class Representatives of each class and his counsel of record as Class Counsel;

2. All damages to which Plaintiffs and each member of the Nationwide Class and California Class are entitled due to Defendants' conduct, including, but not limited to, back pay, front pay, general and special damages for lost compensation and job benefits that they would have received but for the discrimination anti-competitive practices of Defendants;

3. To preliminarily and permanently enjoin Defendants from any further hiring policies and practices that discriminate against individuals 40 years or older and that Defendants are trained on age protections provided by the ADEA and FEHA.

4. An Order for Defendants to provide training for supervisors and managers at all corporate levels, specific to the ADEA and FEHA, and an order retaining jurisdiction over this action to ensure that Lazy Dog complies with such a decree;

5. For restitution, including, without limitation, restitutionary disgorgement;

6. For affirmative or prospective relief;

7. For exemplary and punitive damages;

8. For attorneys' fees, expenses, and costs of suit;

COMPLAINT FOR DAMAGES

9.  For pre-judgment and post-judgement interest;

10. Liquidated damages;

11. An order enjoining Defendants from continuing the unfair, deceptive, fraudulent, and unlawful business practices alleged herein; and

12. For all such other and further relief the Court may deem just and proper.

DATED:  April 29, 2020                    **HOGUE & BELONG**

By: _s/ Jeffrey L. Hogue_
JEFFREY L. HOGUE, ESQ.
TYLER J. BELONG, ESQ.
Attorneys for Plaintiffs