UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY SYPHERD, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> LAZY DOG RESTAURANTS, LLC, <br><br>  Defendant. | Case No. 5:20-cv-00921-FLA (KKx) <br><br> **ORDER GRANTING MOTION FOR FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT (DKT. 227) AND GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES (DKT. 222)** <br><br> Date: February 10, 2023 <br> Time: 1:30 p.m. <br> Courtroom: 6B |

**RULING**

Before the court is Plaintiffs' Unopposed Motion for Final Approval of Collective and Class Action Settlement ("Motion for Final Approval," Dkt. 227) and Plaintiffs' Motion for Attorneys' Fees, Costs and Expenses, and Class Representative Incentive Awards ("Motion for Attorneys' Fees," Dkt. 222). Defendant Lazy Dog Restaurants, LLC ("Defendant" or "Lazy Dog") does not oppose the Motion for Final Approval or the Motion for Attorneys' Fees.

1

The court held a final approval hearing on February 10, 2023. Upon consideration of the papers filed in support of the motions, as well as oral argument, the court GRANTS the Motion for Final Approval and GRANTS the Motion for Attorneys' Fees.

## BACKGROUND

On May 1, 2020, Named Plaintiffs Cathy Sypherd, Patricia Brummett, and Kimberly Watt (collectively, "Named Plaintiffs") brought the instant action against Defendant Lazy Dog, a national restaurant chain, on behalf of themselves and other similarly situated job applicants, asserting claims for age discrimination under California's Fair Employment and Housing Act ("FEHA") and the Age Discrimination in Employment Act of 1967 ("ADEA"). Dkt. 1 ("Compl."); Dkt. 13 ("FAC"). Named Plaintiffs allege Defendant engaged in discriminatory hiring practices against individuals 40 years of age or older for nonmanagerial front of the house positions, including hosts and hostesses, servers, and bartenders, in violation of FEHA and ADEA ("Covered Positions").[1] FAC ¶¶ 1-2. Defendant disputes and denies Named Plaintiffs' claims and contends it has complied fully with all applicable laws at issue in this matter. Dkt. 23.

On October 1, 2021, the parties filed notice they had reached a tentative settlement of Plaintiffs' claims. Dkt. 210. On November 19, 2021, Named Plaintiffs filed an unopposed motion for preliminary approval of the settlement of this putative class action and collective action. Dkt. 212. On August 29, 2022, the court granted the motion and preliminarily approved the settlement and certified the California Class under Federal Rule of Civil Procedure 23 ("Rule 23"), and the nationwide Settlement Collective pursuant to 29 U.S.C. § 216. Dkt. 220.

---

[1] The Settlement defines the term "Covered Position" to mean "non-managerial front of the house positions, including hosts, servers, bartenders, bussers, runners, and take-out." Dkt. 227-2 (Declaration of Jeffrey Hogue ("Hogue Decl."), Ex. 1 ("Settlement")) ¶ 1.11.

On November 9, 2022, Plaintiffs filed the unopposed Motion for Attorneys' Fees. Dkt. 222 ("MFA"). On January 13, 2023, Plaintiffs filed the unopposed Motion for Final Approval. Dkt. 227 ("Mot.").

## SETTLEMENT TERMS

### I. Proposed Class

The "California Class" is defined as: all applicants who, between December 4, 2015 to March 17, 2022, (a) applied for and were denied a Covered Position in California, or (b) resided in California at the time they applied to a Covered Position and were denied; and were aged 40 or older at the time of application. Settlement ¶¶ 1.10, 1.3.

The "Settlement Collective" is defined as: all applicants (a) who applied to Lazy Dog and were denied Covered Positions between December 4, 2016 to March 17, 2022, (b) who were aged 40 or older at the time of application, and (c) who opt(ed) into this litigation pursuant to the federal ADEA, as amended, 29 U.S.C. §§ 621, *et seq.* on or before October 8, 2021. *Id.* ¶¶ 1.10, 1.34.

### II. Payment Terms

In full settlement of the claims asserted in this lawsuit, Defendant agrees to pay a total gross fund of $2,150,000 ("Gross Fund"). Dkt. 227-1 ("Mot. Br.") at 5; Settlement ¶ 3.1.

The Gross Fund covers: (1) payments to the California Class and Settlement Collective, including all applicable taxes; (2) service awards of $10,000 for each of the three Named Plaintiffs; (3) Class Counsel's fees up to thirty percent (30%) of the common fund and actual litigation costs and expenses up to $175,000; (4) settlement administration costs of $24,000; and (5) a $55,000 reserve fund to compensate participating members for any alleged and valid age discrimination claims based on Lazy Dog's failure to hire them into a Covered Position to which they apply during the 15-month window following this court's order granting final approval. Settlement ¶¶ 1.19, 3.1-3.2, 4.1, 5.1, 9.1.

3

During the notice period, which ended on December 2, 2022, approximately twenty percent of the class (20%) filed valid claims (715 out of 3,639). Dkt. 227-3, Declaration of Jeremy Talavera ("Talavera Decl.") ¶ 17. Accordingly, payments range from approximately $792.05 to $2,283.19 per person, averaging $1,526.15 per person. *Id*. ¶ 18. The total amount to be distributed to participating members is calculated to be $1,091,194.44. *Id.*

The settlement is non-reversionary, and no amount will revert to Defendant. *Id.* ¶¶ 1.19, 9.4.

### III. Attorneys' Fees, Costs, and Service Awards

The settlement authorizes Class Counsel to petition the court for approval of attorneys' fees and costs in an amount not to exceed 30% of the Gross Fund ($645,000), reimbursement not to exceed $175,000 for litigation costs incurred, and approval of service awards of no more than $10,000 for each Named Plaintiff. *Id.* ¶¶ 4.1, 5.1-5.3.

### IV. Releases

Under the release, Named Plaintiffs, participating California Class members, and participating Settlement Collective members will release and discharge Defendant and related parties from claims for age discrimination arising out of the same set of operative facts as those in this litigation, except that participating Class Members who are not participating Settlement Collective members will not release ADEA claims ("Released Claims"). *Id.* ¶ 11.1. Additionally, Named Plaintiffs, in their individual capacities, have agreed to a general release, including all known and unknown claims pursuant to California Civil Code Section 1542 in exchange for their service awards. *Id.* ¶ 11.3.

### V. Notice to Settlement Class and Response

On September 9, 2022, the settlement administrator sent notification to the United States Attorney General, and the Attorneys General in 16 states, pursuant to CAFA requirements. Talavera Decl. ¶ 13.

On September 20, 2022, Defendant provided the settlement administrator with contact information for all 3,639 potential Collective Members, including 1,748 who were also California Class Members. *Id.* ¶ 4.

The settlement administrator sent the notice and claim form to all individuals by both mail and email, for a total of 3,639 mailed and 3,369 emailed. *Id.* ¶¶ 5-6. The settlement administrator estimates a success rate of 95.88% with notice successfully delivered to 3,489 of the 3,639 members. *Id.* ¶ 8. Reminders via mail and email were also sent. *Id.* ¶ 9. The notice provided descriptions of the litigation and settlement, instructions for participating in or opting out of the settlement, instructions for objecting to the settlement, details on the final settlement approval hearing, contact information for class counsel, and instructions for obtaining court records. *Id.* at 8-18, Ex. A.

The settlement administrator responded to 578 inquiries regarding the settlement, and class counsel responded to numerous inquiries as well. Hogue Decl. ¶ 4; Talavera Decl. ¶ 12. The settlement administrator received 715 valid claim forms, no opt-outs, and no objections. Talavera Decl. ¶¶ 16-20.

The parties now seek final approval of the settlement. Named Plaintiffs also seek: attorneys' fees of 30% of the Gross Fund ($645,000); reimbursement of litigation costs and expenses incurred totaling $170,913.03; and a service award of $10,000 for each Named Plaintiff.

**MOTION FOR FINAL APPROVAL**

**I.    Rule 23 California Class Certification and FLSA Settlement Collective Certification**

The court previously certified the California Class and Settlement Collective members merited certification for settlement purposes. Dkt. 220. Nothing has changed since the conditional certification, and likewise, there is no basis to revisit the court's order and analysis. Accordingly, the court maintains its approval.

///

5

## II. Notice

In assessing final approval of a class settlement, the court must determine whether proper notice has been given. Fed. R. Civ. P. 23(c)(2)(B). The court previously reviewed and approved the notice in its preliminary approval order. The parties state both the substance of the notice packets and the dissemination process complied completely with the settlement plan and the court's order. Mot. Br. at 11. Out of 3,639 notices disseminated, no opt-outs or objections were received. Talavera Decl. ¶¶ 4, 19-20. The court affirms its prior approval and finds the notice to be fair and adequate.

Additionally, the court finds CAFA notice requirements are met. *See* 28 U.S.C. § 1715. Pursuant to 28 U.S.C. § 1715(b), Defendant satisfied its obligation to provide notice to the relevant federal and state officials. Pursuant to 28 U.S.C. § 1715(d), the final approval hearing was held more than 90 days after issuance of such notice.

## III. Fairness of Settlement Terms

Under Fed. R. Civ. P. 23(e)(2), the court may approve a proposed class action settlement only after a hearing and finding that it is fair, reasonable, and adequate after considering whether:

    (A) the class representatives and class counsel have adequately represented the class;

    (B) the proposal was negotiated at arm's length;

    (C) the relief provided for the class is adequate, taking into account:

        (i) the costs, risks, and delay of trial and appeal;

        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

        (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and

        (iv) any agreement required to be identified under Rule 23(e)(3); and

    (D) the proposal treats class members equitably relative to each other.

The Ninth Circuit outlined additional factors the court may consider: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 963 (9th Cir. 2009); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

Settlements of collective action claims under the FLSA also require court approval. However, a district court is not bound to exercise the same oversight over the settlement of a collective action as it must exercise over a class action under Rule 23(e). The test under the FLSA is similar to the standards that apply through Rule 23(e), focusing on fairness and reasonableness. A district court presented with a proposed settlement of FLSA claims may approve the agreement upon finding the litigation involves a bona fide dispute, the proposed settlement is fair and equitable to all parties, and the proposed settlement contains a reasonable award of attorneys' fees. *K.H. v. Sec'y of Dep't of Homeland Sec.*, Case No. 4:15-cv-02740-JST, 2018 WL 3585142, at *7-8, 13-14 (N.D. Cal. July 26, 2018) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

In its preliminary approval order, the court previously found the settlement to be fair, adequate, and reasonable. *See* Dkt. 220. Specifically, the court determined the settlement agreement "is fair and reasonable as it was adequately negotiated, lacks obvious deficiencies, does not unfairly favor any member, and falls within the range of possible approval," "appears to resolve a bona fide dispute concerning Defendant's liability under the ADEA," and is "fair and equitable to all parties with a reasonable award of attorney's fees." *Id.* at 15-16. In further support, the court now considers reactions to the proposed settlement. With a 95.88% notification rate, no objections or opt-outs, and a 20% valid claims rate, these statistics indicate a favorable settlement

and affirm the court's prior determination. *See Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("It is established the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed settlement are favorable to the class members."); *Rodriguez*, 563 F.3d at 967 (finding a 14% claim rate a favorable reaction to a settlement).

### IV. Conclusion as to Final Approval

The court finds the proposed settlement is fair, reasonable, and adequate. Accordingly, the court GRANTS the Motion for Final Approval. The court confirms Named Plaintiffs Cathy Sypherd, Patricia Brummett, and Kimberly Watt as Class Representatives, and confirms Hogue & Belong as Class Counsel.

## MOTION FOR FEES, COSTS, AND INCENTIVE AWARDS

As stated, the settlement provides that Class Counsel may apply for attorneys' fees not to exceed 30% of the Gross Fund, reimbursement of costs not to exceed $175,000, and an incentive award up to $10,000 for each Named Plaintiff. Settlement ¶¶ 4.1, 5.1.

On November 9, 2022, Named Plaintiffs moved for attorneys' fees in the amount of $645,000 (30% of the $2,150,000 Gross Fund), reimbursement of costs and expenses totaling $170,913.03, and service awards in the total of $30,000 ($10,000 per Named Plaintiff). *See generally* MFA. The requested fees, costs, and service awards are unopposed.

### I. Attorneys' Fees

District courts have discretion to choose between a lodestar method and percentage method to calculate fees in a class action. *Abelar v. Am. Residential Servs., L.L.C.*, No. 5:19-cv-00726-JAK (JPRx), 2019 WL 6054607, at *5 (C.D. Cal. Nov. 14, 2019) (citing *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010)). Courts may also choose one method and cross-check with the other. *Id.* For class action settlements, the Ninth Circuit has established 25% of the total

recovery as a benchmark award for attorneys' fees. *Id.* (citing *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003)). However, awarding over this benchmark is not unusual. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010) ("The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33 1/3% of the total settlement value, with 25% considered the benchmark . . . in most common fund cases, the award exceeds that [25%] benchmark."); *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377 (N.D. Cal. 1989) ("[I]n most recent cases the benchmark is closer to 30%").

The Ninth Circuit has identified a number of factors a court may consider in assessing whether an award is reasonable, including: (1) the results achieved; (2) the risk of litigation; (3) the skill required and quality of work; and (4) the financial burden carried by the plaintiff. *Resnick v. Frank*, 779 F.3d 934, 954 (9th Cir. 2015); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002). Considering these factors, the court finds the requested award is reasonable for the following reasons.

First, Class Counsel achieved a favorable settlement of $2,150,000 Gross Fund. The settlement provides members with a significant benefit they would not otherwise receive because "recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis." *Wolin v. Jaguar Land Power North America, LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010). It is also unlikely members would have known of the alleged discriminatory hiring practices to pursue individual claims. After 95.88% of the 3,639 class received the approved notice – specifying Class Counsel would seek up to 30% of the Gross Fund in fees – the settlement administrator received 715 claim forms, no opt-outs, and no objections. The court interprets this as a favorable reaction and supports the fee request.

Second, the risks associated with continued litigation were significant. Class Counsel asserts various risks including scarcity of legal authority, Defendant's Motion for Summary Judgment and unique legal questions, and dueling expert reports. Dkt.

222-1 ("MFA Br.") at 19-21. Further, the Ninth Circuit has recognized "in the common fund context, attorneys whose compensation depends on their winning the case, must make up in compensation in the cases they win for the lack of compensation in the cases they lose." *In re Washington Pub. Power Supply*, 19 F.3d 1291, 1300-01 (9th Cir. 1994); *Vizcaino*, 290 F.3d at 1051. Thus, the risk associated with litigating this case supports the fee request.

Third, Class Counsel have considerable experience litigating employment class actions, including certification, trial, and appeal. MFA Br. at 22. Class Counsel litigated this case for 18 months while propounding 171 document requests, bringing 6 ex parte applications and 7 motions, opposing 6 motions, retaining an expert and reviewing reports, and negotiating settlement. *Id.* at 2-7, 16. This factor supports the fee request.

Fourth, as considered in the second factor, Class Counsel took this case on a contingent basis. Courts routinely enhance fees for attorneys who assume representation in common fund cases on a contingent basis to compensate them for the risk. *In re Washington Pub. Power Supply*, 19 F.3d at 1299. This supports the fee request.

Finally, a lode-star cross-check corroborates the reasonableness of the request. In support of their fee request, Class Counsel lodged attorney time sheets for in camera review, indicating 1,857.5 hours worked through the filing of the Motion for Attorneys' Fees, totaling $1,109,124. Dkt. 224. The requested amount of attorneys' fees of $645,000 is significantly lower than their calculated lodestar.

The court finds the unopposed request of attorneys' fees by Class Counsel to be reasonable at 30% of the Gross Fund.

**II.     Expenses**

Class Counsel are also entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R. Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may recover reasonable expenses that would typically

be billed to paying clients in non-contingency matters).  Costs under Rule 23(h) include "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).  Here, the Settlement allows for recovery of litigation costs and expenses up to $175,000.  Settlement ¶ 4.1.  Class Counsel seek reimbursement of $170,913.03 and provided records documenting their claim.  *See* Dkt. 222-2 at 16-25, Ex. B.  This total largely consists of the costs of mediation, expert fees, and court reporter fees.  *Id.*  The court finds Class Counsel's submissions support the requested award of $170,913.03 in costs and expenses.

### III. Incentive Awards

Incentive awards are common in class action cases, where "such awards are discretionary and are intended to compensate class representatives for work done on behalf of the class." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009).  Here, the parties negotiated incentive awards of $10,000 to each Named Plaintiff, for bringing and maintaining the action for three years, assisting with discovery, risking reputational injury, and conferring with counsel.  MFA Br. at 26-27; Settlement ¶ 5.1.  The court finds Named Plaintiffs' requested service award of $10,000 each, for a total of $30,000, is reasonable considering the time spent and risks in bringing and participating in the litigation.  Further, the court finds the award of $10,000 is consistent with reasonable and just service awards in the Ninth Circuit. *See Fulford v. Logitech, Inc.*, 2010 WL 807448, at *3 n.1 (collecting cases awarding incentive payments ranging from $5,000 to $40,000).

/ / /

/ / /

/ / /

# CONCLUSION

For the foregoing reasons, the court GRANTS the Motion for Final Approval of Collective and Class Action Settlement (Dkt. 227). The court confirms Named Plaintiffs Cathy Sypherd, Patricia Brummett, and Kimberly Watt as Class Representatives, and confirms Hogue & Belong as Class Counsel. The court GRANTS the Motion for Attorneys' Fees, Costs and Expenses, and Class Representative Incentive Awards (Dkt. 222) and approves: (1) $645,000 for attorneys' fees to Class Counsel; (2) $170,913.03 for costs and expenses to Class Counsel; and (3) a $10,000 service award to each Named Plaintiff.

IT IS SO ORDERED.

Dated: February 10, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge